## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **MARLANA CHAFFER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STEVE CRONIC in his official** | ) | **CIVIL ACTION FILE NO.** |
| **capacity as Hall County Sheriff, LT.** | ) | **2:12-cv-304-WCO-JCF** |
| **MCNEIL in his individual capacity,** | ) | |
| **and, in their individual capacities,** | ) | |
| **unnamed current and/or former** | ) | |
| **employees of the Hall County** | ) | |
| **Sheriff's Office involved in the** | ) | |
| **incidents made subject to this suit.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW, the Defendants in the above-referenced matter, and pursuant to Fed.R.Civ.P. 56 and Local Rule 7.1(A)(1), file this Memorandum of Law in Support of Defendants' Motion for Summary Judgment.  As shown herein, summary judgment should be granted in favor of the Defendants on all of Plaintiff's claims on the basis that Plaintiff's claims are barred by judicial estoppel because she failed to disclose in bankruptcy proceedings two EEOC Charges that

were the administrative prerequisite for the Title VII claims she is pursuing in this lawsuit.   Because of Plaintiff's failure to disclose her EEOC Charges during her bankruptcy proceedings, she obtained a "no asset" Chapter 7 discharge of $92,667.23 in debt.   On the very same day she obtained her Chapter 7 discharge, Plaintiff filed the instant lawsuit.

The Defendants respectfully submit that Plaintiff  should not be allowed to so blatantly manipulate the judicial system, and the Court should enter summary judgment in favor of Defendants on the ground of judicial estoppel.

## I.    STATEMENT OF FACTS

For their recitation of facts, Defendants rely on their Statement Of Material Facts As To Which There Exists No Genuine Issue To Be Tried ("SMF"), filed simultaneously herewith.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Judicial Estoppel Bars a Party from Pursuing Claims That Were Not Disclosed During Bankruptcy Proceedings

Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that same party in a previous proceeding." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002).   The purpose of the doctrine is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing

2

positions according to the exigencies of the moment." <u>Id</u>. (quoting <u>New Hampshire v. Maine</u>, 532 U.S. 742, 749-50 (2001)).  The Eleventh Circuit has further explained that judicial estoppel is applied to the assertion of divergent sworn positions in order to prevent parties from "making a mockery of justice by inconsistent pleadings." <u>Id</u>.

In the Eleventh Circuit, courts consider two factors in applying judicial estoppel to a particular case.  <u>Barger v. City of Cartersville, Ga.</u>, 348 F.3d 1289, 1293 (11th Cir. 2003).  First, a party's allegedly inconsistent positions must have been made under oath in a prior proceeding. <u>Id</u>.  Second, the "inconsistencies must be shown to have been calculated to make a mockery of the judicial system." <u>Id</u>. "[T]hese two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of" judicial estoppel. <u>Burnes</u>, 291 F.3d at 1286. However, since the doctrine is intended to protect the judicial system, those asserting judicial estoppel – like the Defendants in this case – need not demonstrate individual prejudice in order for the doctrine to apply and act as a bar.  <u>Id</u>.

Applying these factors, the Eleventh Circuit repeatedly has held that judicial estoppel bars a party from asserting employment discrimination claims that she did not disclose during bankruptcy proceedings.  <u>See, e.g, Robinson v. Tyson Foods,</u>

<u>Inc.</u>, 595 F.3d 1269, 1276 (11th Cir. 2010); <u>De Leon v. Comcar Indus., Inc.</u>, 321

F.3d 1289, 1291 (11th Cir. 2003); <u>Barger</u>, 348 F.3d at 1297; <u>Burnes</u>, 291 F.3d at

1288.   As shown below, these factors are present in this case as well.

**B.      Under Oath, Plaintiff Took A Position Inconsistent With This Lawsuit By Failing To Disclose Her EEOC Charges During Her Bankruptcy Proceedings**

The first element of the <u>Burnes</u> test is satisfied in this case because

Plaintiff's failure to disclose during her bankruptcy case her two EEOC Charges or

the potential claims that she subsequently has brought in this lawsuit constituted an

inconsistent statement made under oath.   "A debtor seeking shelter under the

bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy

court." <u>Ajaka v. Brooksamerica Mortg. Corp.</u>, 453 F.3d 1339, 1344 (11th Cir.

2006).

Since an EEOC charge constitutes "administrative proceedings" and "[o]ther

contingent and unliquidated claims," Plaintiff was required to disclose her EEOC

Charges and related potential claims in her Statement of Financial Affairs and her

schedules.   <u>Casanova v. Pre Solutions, Inc</u>, 228 Fed.Appx. 837, 841 (11th Cir.

2007); <u>Marable v. Marion Military Institute</u>, 906 F.Supp.2d 1237, 1247-48 (S.D.

Ala. 2012) (plaintiff had legal duty to disclose EEOC charge to bankruptcy court);

<u>Lott v. Sally Beauty Company, Inc.</u>, 2002 WL 533651, at *4 (M.D. Fla. 2002)

(plaintiff had legal duty to disclose EEOC charge to bankruptcy court).  This is because the "property of bankruptcy estate includes all <u>potential</u> causes of action existing at the time petitioner files for bankruptcy." <u>Casanova</u>, 228 Fed.Appx. at 841(citing 11 U.S.C. § 541(a) and <u>Barger</u>, 348 F.3d at 1292) (emphasis in original).[1]

### 1. Under Oath, Plaintiff Took Positions Inconsistent With This Lawsuit By Failing To Amend Her Bankruptcy Filings To Disclose EEOC Charges

#### a. The Eleventh Circuit Requires Plaintiffs To Amend Bankruptcy Filings To Reflect Actual Or Potential Claims That Arise After Initial Bankruptcy Filing

Plaintiff made inconsistent statements under oath in the bankruptcy proceeding even though Plaintiff filed her EEOC Charges after she filed her Chapter 13 petition.  The Eleventh Circuit has emphasized that "[t]he duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather a debtor must amend [her] financial statements if

---

[1]  In confirming Plaintiff's Chapter 13 plan, the bankruptcy court stated that "[p]roperty of the estate shall not revest in Debtor until the earlier of discharge of Debtor or dismissal of the case, unless the Court orders otherwise; . . ."  (SMF 8). The Eleventh Circuit has held that a similar order imposed an obligation on the plaintiff to disclose any additional assets acquired while the Chapter 13 bankruptcy case was pending.  <u>Robinson</u>, 595 F.3d at 1274-75.  Thus, Plaintiff not only had a statutory obligation to amend her bankruptcy filings to disclose her EEOC Charges, she also had a court-ordered duty to do so.  <u>Id</u>.

circumstances change." <u>Burnes</u>, 291 F.3d at 1286.   This duty applies because "any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies." <u>De Leon</u>, 321 F.3d at 1291. Therefore, "under the established law of this circuit, a Chapter 13 debtor has a statutory duty to disclose changes in assets." <u>Robinson</u>, 595 F.3d at 1269.

Accordingly, the Eleventh Circuit and district courts within the Eleventh Circuit have applied judicial estoppel where the plaintiff failed to amend her bankruptcy filings to disclose actual or potential employment discrimination claims that arose after the plaintiff filed a bankruptcy petition but before the bankruptcy case concluded.   For example, in <u>Robinson</u>, the plaintiff filed a Chapter 13 bankruptcy proceeding in April 2002 and her bankruptcy plan (which proposed payments over a period of 60 months) was confirmed in May 2002.  In September 2005, the plaintiff resigned from her employment.  In October 2006, the plaintiff filed a lawsuit pursuant to Title VII and 42 U.S.C. § 1981 asserting race discrimination and constructive discharge.  In July 2007, the plaintiff completed her bankruptcy plan, repaid all of her debts and received a full discharge from bankruptcy.

The Eleventh Circuit held that the plaintiff's employment discrimination

claims were barred by judicial estoppel and that she had a statutory duty to amend

her schedule of assets to reflect her employment discrimination claims asserted

several years after her bankruptcy plan had been confirmed.  Id. at 1274.    The

Eleventh Circuit stated as follows:

> When Robinson [the plaintiff] submitted her bankruptcy
> schedules under oath, she also submitted that she would
> update those schedules as required.    Therefore, when
> Robinson filed suit against Tyson, she had a sworn duty
> to disclose that suit to her bankruptcy estate.
>
>     By failing to update her bankruptcy schedule to
> reflect her pending claim, Robinson represented that she
> had no legal claims to the bankruptcy court while
> simultaneously pursuing her legal claim against Tyson in
> the district court.  These actions, both taken under oath,
> are clearly inconsistent.

Id. at 1275.  See also Burnes, 291 F.3d at 1284, 1287-88 (noting that plaintiff, who

filed EEOC charge approximately six months after filing Chapter 13 bankruptcy

petition and filed discrimination lawsuit approximately 11 months after filing

Chapter 13 bankruptcy, never amended his financial statements to include the

lawsuit); De Leon, 321 F.3d at 1291, 1292 (noting that plaintiff, who filed EEOC

charge approximately 11 months before filing Chapter 13 bankruptcy petition and

then filed lawsuit approximately six months after filing Chapter 13 bankruptcy

petition, did not amend his bankruptcy schedules to disclose potential

discrimination claim until after employer filed motion to dismiss).

Similarly, in <u>Chandler v. Samford University</u>, 35 F.Supp.2d 861 (N.D. Ala. 1999), the plaintiff filed a Chapter 13 bankruptcy petition on August 30, 1996. The plaintiff filed an EEOC charge on February 12, 1997 asserting that she was denied a permanent position with her employer because of her race.   Plaintiff then converted her Chapter 13 petition to a Chapter 7 petition on March 25, 1997. Plaintiff received a right to sue letter from the EEOC on April 30, 1997 and filed a lawsuit on July 28, 1997.   The plaintiff never informed the bankruptcy court of her pending EEOC charge or her potential claim against her employer.   The plaintiff received a "no asset" discharge on July 24, 1997.

Finding that the plaintiff's claims were barred by judicial estoppel, the court held that the plaintiff had an affirmative duty to amend her bankruptcy schedules to reflect the potential race discrimination claim, and that her failure to do so was inconsistent with her later assertion of her race discrimination claim. <u>Chandler</u>, 35 F.Supp.2d at 862-63, 864-65.   Other courts within the Eleventh Circuit have applied judicial estoppel under similar circumstances. <u>See, e.g.</u> <u>Perkins v. Berg Spiral Pipe Corp.</u>, 2013 WL 489164, at *1, 3 (S.D. Ala. Feb. 7, 2013) (applying judicial estoppel where plaintiff filed EEOC charge approximately 18 months after filing Chapter 13 petition, and plaintiff did not amend petition to disclose EEOC charge before bankruptcy court granted Chapter 13 discharge  approximately 11

months later); <u>Burch v. AmerOne, Inc.</u>, 2012 WL 1566155, at *2 (S.D. Ala. 2012) (applying judicial estoppel where plaintiff filed one EEOC charge after filing Chapter 13 petition and filed a second EEOC Charge after converting petition to Chapter 7, and plaintiff failed to amend bankruptcy schedules to disclose these potential claims before receiving "no asset" discharge); <u>Carter v. Hartford Fire Ins. Co.</u>, 2012 WL 4888533, at *2-3 (N.D. Ga. 2012) (applying judicial estoppel where plaintiff filed second EEOC charge after filing Chapter 7 petition and failed to update her bankruptcy filings to include second EEOC charge).

### b. Plaintiff Failed To Satisfy Her Obligation To Amend Her Bankruptcy Filings To Disclose EEOC Charges

Here, the Plaintiff filed a Chapter 13 bankruptcy petition on February 18, 2011. (SMF 1). On that date, Plaintiff also submitted a Statement of Financial Affairs, which asked Plaintiff to identify any suits or administrative proceedings in which she was a party or had been a party one year prior to the filing of her bankruptcy petition. (SMF 1-2). In response, Plaintiff did not identify any EEOC charge asserting employment discrimination. (SMF 2). Plaintiff signed a statement under penalty of perjury stating that the information she provided in the Statement of Financial Affairs was true and correct to the best of her knowledge, information, and belief. (SMF 3).

As part of her Chapter 13 bankruptcy petition, Plaintiff was also required to complete Schedules A-J. (SMF 4).   In Schedule B, Question No. 21, Plaintiff was asked to identify any unliquidated or contingent claims of every nature she had. (SMF 5).   In response, Plaintiff checked the box marked "None." (Id.).   Plaintiff signed a statement under penalty of perjury stating that the information she provided in Schedules A-J was true and correct to the best of her knowledge, information, and belief. (SMF 4).

Approximately 1 ½ months after the Bankruptcy Court confirmed Plaintiff's Chapter 13 plan, Plaintiff filed her first EEOC Charge on July 6, 2011 asserting that she was being denied a promotion to the patrol division because of her age, sex and race. (SMF 6-9).  Plaintiff then filed a second EEOC Charge on January 10, 2012, asserting that she was given a write-up on January 7, 2012, was given a written reprimand on January 8, 2012 and was told that she would be recommended for termination, all in retaliation for filing her 7/6/11 EEOC Charge. (SMF 9).   On February 9, 2012, Plaintiff filed an amended charge asserting that she was demoted on February 8, 2012 in retaliation for her 7/6/11 Charge. (SMF 10).   On March 8, 2012, Plaintiff amended her Charge again to complain that she had received a letter on February 25, 2012 in the mail indicating that she must report to work by February 14, 2012 or be separated from service. (Id.).

Plaintiff, however, never amended her Statement of Financial Affairs or her schedules to identify her EEOC Charges as she was required to do while her Chapter 13 petition was pending. (SMF 11). See, e.g., Robinson, Chandler, supra. Moreover, while Plaintiff amended certain schedules a few days after converting her Chapter 13 petition to a Chapter 7 petition, she still failed to amend her Statement of Financial Affairs or her Schedules to disclose her EEOC Charges. (SMF 12).

Based on the foregoing, Plaintiff asserted inconsistent positions under oath by repeatedly failing to amend her bankruptcy filings to disclose her EEOC Charges, thereby denying the existence of these potential claims, and then filing the instant lawsuit after obtaining a Chapter 7 discharge.

**2.      Plaintiff Took Positions Inconsistent With This Lawsuit By Affirmatively Telling The Bankruptcy Trustee Under Oath That Her Bankruptcy Filings Were Correct And That She Did Not Have Any Claim To Assert**

In addition, Plaintiff took positions inconsistent with this lawsuit during her sworn testimony at the meeting of the creditors, which took place on November 5, 2012 after she converted her Chapter 13 petition to a Chapter 7 petition. (SMF 12, 14).

During the meeting of the creditors, at which Plaintiff answered questions from the trustee under oath, the following exchange took place:

11

| | |
|---|---|
| Trustee: | Did you provide the information pertaining to your bankruptcy papers to your attorney? |
| Plaintiff: | Yes sir. |
| Trustee: | Was the information correct when you provided it? |
| Plaintiff: | Yes sir. |
| Trustee: | <u>Is your information in your bankruptcy papers still correct today?</u> |
| Plaintiff: | Yes sir. |
| Trustee: | Did you re-sign the bankruptcy papers? |
| Plaintiff: | Yes sir. |
| Trustee: | <u>Did you list all your assets in the bankruptcy papers?</u> |
| Plaintiff. | Yes sir. |
| * | *          * |
| Trustee: | <u>Do you have a claim against anyone?  Could you sue someone and recover money?</u> |
| Plaintiff: | No. |

(SMF 15) (emphasis added).    Less than two months later, Plaintiff filed this lawsuit.

    Plaintiff's sworn testimony to the trustee that the information in her

bankruptcy filings (which did not include her EEOC Charges) was correct as of November 5, 2012, that she had listed all of her assets in her bankruptcy papers, that she did not have a claim against anyone, and that she could not sue someone and recover money was brazenly false and flatly contradicts the positions she is taking in this lawsuit, which she filed less than two months later on the same day she obtained her Chapter 7 discharge. (SMF 15).

## C.   Plaintiff Intentionally Misled The Bankruptcy Court

The second element of the <u>Burnes</u> test also is satisfied in this case.  This element, which requires intent to mislead the bankruptcy court through the inconsistent positions taken, can be inferred from the record "where the debtor has knowledge of the undisclosed claims and has motive for concealment." <u>Robinson</u>, 595 F.3d at 1275; <u>Barger,</u> 348 F.3d at 1294; <u>Burnes</u>, 291 F.3d at 1285.  This inference is considered a factual finding by the district court and is only subject to review under a clearly erroneous standard.  <u>Robinson</u>, 595 F.3d at 1275.

When considering a party's intent for purposes of judicial estoppel, the Eleventh Circuit requires "intentional contradictions, not simple error or inadvertence." <u>Burnes</u>, 291 F.3d at 1286.  However, "[i]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtors either lacks knowledge of

the undisclosed claims or has no motive for their concealment." <u>Robinson</u>, 595

F.3d at 175; <u>Barger</u>, 348 F.3d at 1295-96; <u>Burnes</u>, 291 F.3d at 1287. <u>Accord</u> <u>De</u>

<u>Leon</u>, 321 F.3d at 1291 ("judicial estoppel bars a plaintiff from asserting claims

previously undisclosed to the bankruptcy court where the plaintiff both knew about

the undisclosed claims and had a motive to conceal them from the bankruptcy

court").

    As shown below, Plaintiff had both knowledge of her EEOC Charges and a

motive to conceal them during the bankruptcy proceedings.

    **1.    Plaintiff Had Knowledge Of Her EEOC Charges During
The Bankruptcy Case**

    Regarding the first component, it can be inferred that a plaintiff has

knowledge of her employment discrimination claims when she is already pursuing

those claims at the time she filed for bankruptcy. <u>Robinson</u>, 595 F.3d at 1275 (it

was undisputed that plaintiff had knowledge of race discrimination claims during

bankruptcy proceedings because she was pursuing race discrimination lawsuit

while bankruptcy case was pending); <u>Burnes</u>, 291 F.3d at 1288 ("at the time that

Billups petitioned the bankruptcy court to convert his case to Chapter 7, he had

already filed, and was pursuing, the employment claims . . . These undisputed facts

make it clear that Billups had knowledge of his claims during the bankruptcy

proceedings"); <u>Carter</u>, 2012 WL 4888533, at *3 (plaintiff had knowledge of

undisclosed claims, as she had filed two EEOC charges raising these claims and had tried to settle one of them while her bankruptcy case was ongoing); Chandler, 35 F.Supp.2d at 864 ("it is obvious that Chandler was aware of her potential claims against Sanford when she filed an EEOC charge the very next day" after she was terminated).

In this case, Plaintiff filed her first EEOC Charge on July 6, 2011. (SMF 9). Plaintiff filed her second EEOC Charge on January 10, 2012 (id.) and amended her second EEOC Charge on February 9, 2012 and again on  March 8, 2012 to assert additional claims. (SMF 10).   By at least April 16, 2012, Plaintiff had retained the law firm that is representing her in this lawsuit. (SMF 13).      Accordingly, the record conclusively demonstrates that Plaintiff was well aware of her EEOC charges and her potential claims during her bankruptcy case.

### 2.    Plaintiff Had Obvious Motives For Concealing Her EEOC Charges During The Bankruptcy Case

As to motive, the Eleventh Circuit has expressly held that "a financial motive to secret assets exists under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the amount to be discounted and repaid." De Leon, 321 F.3d at 1291. See also Robinson, 595 F.3d at 1276 ("the district court found Robinson had a motive to conceal her claims [in Chapter 13 case] in order to keep

any settlement proceeds and this finding was reasonable on the record presented"); Casanova, 228 Fed.Appx. at 841 (plaintiff who filed Chapter 13 bankruptcy "stood to gain an advantage by concealing the claims from the bankruptcy court") (internal quotation marks and citation omitted). Furthermore, if a debtor amends her bankruptcy filings to disclose a claim after the bankruptcy court has confirmed the debtor's Chapter 13 plan, her creditors may seek to revoke the bankruptcy court's confirmation of her Chapter 13 plan. Ajaka v. Brooksamerica Mortgate Corp., 453 F.3d 1339, 1346 (11th Cir. 2006); Perkins, 2013 WL 489164, at *4.

In Perkins, the plaintiff argued that he did not have a motive to conceal his lawsuit because he settled another lawsuit, the proceeds of which were used to pay off all the debts set forth in his Chapter 13 plan. Rejecting this contention, the court emphasized that the plaintiff's Chapter 13 plan approved by the bankruptcy court provided that plaintiff would only pay back 42% of his unsecured debts. The court also explained that, if the plaintiff had disclosed the lawsuit as he was required to do, the amount of unsecured debt that he was required to pay under the Chapter 13 plan could have been higher, and creditors could have sought to revoke the confirmation of the plaintiff's Chapter 13 plan. Perkins, 2013 WL 489164, at *4. See also Lott v. Sally Beauty Co., Inc., 2002 WL 533651, at *4 (M.D. Fla. 2002) (finding motive for plaintiff to conceal her discrimination claim during

Chapter 13 bankruptcy case because her claim "represented a substantial percentage of her assets; its inclusion as part of her bankruptcy estate could have easily affected the administration of her estate, including her monthly payments to the Trustee under the Bankruptcy Plan"); Lewis v. Weyerhaeuser Co., 141 F. Appx. 420, 426 (6th Cir. 2005) ("Lewis had a motive to conceal her claim since it is always in a Chapter 13 petitioner's interest to minimize income and assets").

In Chapter 7 cases, the motive to conceal claims is even more obvious: the plaintiff can obtain a complete discharge of her debts (in many cases without submitting any money or other assets to the trustee for distribution to creditors) and then keep the proceeds from a successful lawsuit for herself.  See, e.g., Barger, 348 F.3d at 1296 ("Omitting the discrimination claims from the schedule of assets appeared to benefit her because, by omitting the claims, she could keep any proceeds for herself and not have them become part of the bankruptcy estate"); Burnes, 291 F.3d at 1288 ("It is unlikely [the plaintiff] would have received the benefit of a conversion to Chapter 7 followed by a no asset, complete discharge had his creditors, the trustee, or the bankruptcy court known of a lawsuit claiming millions of dollars in damages"); Carter, 2012 WL 488833, at *3 ("In addition, Carter had a motive to conceal her claims.  By not revealing them to the bankruptcy court, she was able to obtain a 'no asset' discharge under Chapter 7");

Marable, 906 F.Supp.2d at 1248 ("Marable appeared to gain an advantage when he failed to list his EEOC claim on his Debtor's Schedule because, by omitting the claim, he could keep any proceeds resulting from his claim for himself and not have them become part of the bankruptcy estate").

In this case, it is undisputed that Plaintiff had a motive for not disclosing her EEOC Charges during her bankruptcy case. By concealing her EEOC Charges during her bankruptcy case, Plaintiff was able to prevent creditors and/or the trustee from seeking to modify or revoke the Chapter 13 confirmation order to seek payment of additional debt, thereby leaving intact Plaintiff's court-approved plan to discharge $51,234.33 in debt. (SMF 6-8). By concealing her EEOC Charges when she converted her case to Chapter 7, Plaintiff was able to obtain a "no asset" discharge of $92,667.33 in debt. (SMF 11-12, 14-16). On the same day she obtained her Chapter 7 discharge, Plaintiff filed this lawsuit seeking potentially hundreds of thousands of dollars. If successful, Plaintiff will be able to keep the proceeds from this lawsuit for herself to the detriment of her creditors.

Thus, it is undisputed that Plaintiff both knew about the existence of her EEOC Charges during her bankruptcy case and had a motive to conceal these EEOC Charges by failing to amend her Statement of Financial Affairs or her schedules to disclose her EEOC Charges. (SMF 9-16). Plaintiff's misconduct,

however, is not limited to failing to comply with her statutory and court-ordered duty to amend her filings to disclose her EEOC Charges; she affirmatively lied under oath to the trustee by testifying on November 5, 2012 that she had disclosed all of her assets in her bankruptcy filings, that her bankruptcy filings were correct, and that she could not sue anyone for money damages (SMF 14-15), even though she had received two right to sue letters from the EEOC just over a month previously. (SMF 15).

Based on these undisputed facts, the Court should infer that Plaintiff's concealment was intentional and calculated to mislead the bankruptcy court. As a result, the second element of the Burnes test is satisfied, and her claims should be barred by judicial estoppel. Reynolds, Barger, Burnes, Casanova, supra.[2]

### D.    Other Factors Warrant Application of Judicial Estoppel

The satisfaction of the two Burnes elements as discussed above is sufficient in and of itself for Plaintiff's claims to be barred by judicial estoppel. Burnes, 291 F.3d at 1285-86. However, additional factors further warrant the application of judicial estoppel to Plaintiff's claims. In Burnes, the Eleventh Circuit also noted that courts sometimes inquire whether the party succeeded in persuading the other

---

[2]   Although judicial estoppel generally may not bar claims for reinstatement or other injunctive relief, Burnes, 291 F.3d at 1289, Plaintiff has not sought reinstatement or injunctive relief in this case. (Complaint, Prayer for Relief).

tribunal to accept the inconsistent position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled. Burnes, 291 F.3d at 1285. This factor also is present in this case, as Plaintiff obtained a "no asset" Chapter 7 discharge of $92,667.33 in debt. (SMF 11, 16).

In addition, it is material to this matter that, while Plaintiff did not disclose her EEOC Charges during her bankruptcy proceedings, she did disclose two other lawsuits in which she was a party: one magistrate court matter where she was named as a defendant and a garnishment matter. (SMF 2). In other words, Plaintiff "made known her liabilit[ies], while concealing her potential asset[s]." Pate v. Infirmary Health Systems, Inc., 2013 WL 5234312, at *5 (S.D. Ala. Sept. 17, 2013). See also Robinson, 595 F.3d at 1276 (noting that plaintiff had also failed to disclose a worker's compensation claim that was pending when she first filed bankruptcy case). In a similar vein, it is important to recognize that Plaintiff amended her bankruptcy schedules on several occasions to identify additional liabilities and to disclose a decrease in income following her termination, but she never amended her schedules to disclose her EEOC Charges. (SMF 7, 11, 12). Therefore, Plaintiff was well familiar with the process of amending her bankruptcy schedules to reflect updated information regarding her financial condition.

Accordingly, these additional factors weight heavily in favor of inferring that Plaintiff intentionally concealed her EEOC Charges during her bankruptcy case to gain an advantage, and the Court should apply judicial estoppel to bar her claims in this case.

## IV.   CONCLUSION

For the reasons herein, the Defendants respectfully submit that there are no genuine issues of material fact and that they are entitled to judgment as a matter on the basis that Plaintiff's claims are barred by judicial estoppel.   Therefore, the Defendants request that summary judgment be entered in their favor on all of Plaintiff's claims.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Benton J. Mathis, Jr.*
Benton J. Mathis, Jr.
Georgia Bar No. 477019
William H. Buechner, Jr.
Georgia Bar No. 086392

Attorneys for Defendants

21

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339
T:  (770) 818-0000
F:  (770) 937-9960
bmathis@fmglaw.com
bbuechner@fmglaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** has been prepared in compliance with Local Rule 5.1 by using Times New Roman, 14 point font.

This 4th day of October, 2013.

> *s/ Benton J. Mathis, Jr.*
> Benton J. Mathis, Jr.
> Georgia Bar No. 477019
> bmathis@fmglaw.com
>
> Attorney for the Defendants

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| **MARLANA CHAFFER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **STEVE CRONIC in his official** | ) **CIVIL ACTION FILE NO.** |
| **capacity as Hall County Sheriff, LT.** | ) **2:12-cv-304-WCO-JCF** |
| **MCNEIL in his individual capacity,** | ) |
| **and, in their individual capacities,** | ) |
| **unnamed current and/or former** | ) |
| **employees of the Hall County** | ) |
| **Sheriff's Office involved in the** | ) |
| **incidents made subject to this suit.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Winston A. Denmark
Emilia C. Walker
Fincher Denmark Williams & Minnifield LLC
8024 Fairoaks Court
Jonesboro, Georgia 30236

This 4th day of October, 2013.

s/ Benton J. Mathis, Jr.
Benton J. Mathis, Jr.
Georgia Bar No. 477019
bmathis@fmglaw.com

Attorney for the Defendants

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
864951